## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ARTYE SIDEBOTHAM**, | ) |
| Plaintiff, | ) Case No.: 2019 CV 1756 |
| -vs- | ) Judge: |
| **TARGET CORPORATION** a foreign Corporation, | ) Magistrate Judge: |
| Defendant. | ) |

### NOTICE OF REMOVAL

Pursuant to *Title 28 U.S.C. §1441, et seq. and 28 U.S.C. § 1332*, Defendant, **TARGET CORPORATION**, by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County, Cause No.: 2019 L 000569, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1. This action is being removed to federal court based upon the diversity of citizenship of the parties to this cause, and the existence of the requisite amount in controversy, as is also more fully set forth below.

2. On or about January 18, 2019, Plaintiff, Artye Sidebotham, initiated the above captioned lawsuit by the filing of a Complaint entitled *Artye Sidebotham v. Target Corporation,* Docket No. 2019 L 000569, in the Circuit Court of Cook County, Illinois. *A copy of the Complaint at Law and summons are attached hereto as Exhibit "A", and incorporated herein by reference.*

3. On or about January 18, 2019, Plaintiff caused a Summons to be issued for service upon the registered agent of Target Corporation. *A copy of said Summons is attached hereto, labeled Exhibit "B", and incorporated herein by reference.*

3. Service was obtained on Target Corporation's registered agent on February 13, 2019.

4. The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 for the following reasons:

(a) Plaintiff, Artye Sidebotham, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Illinois;

(b) Defendant, Target Corporation, at the time the lawsuit was commenced and at all relevant times, has been a Minnesota corporation with its principal place of business in Minnesota; therefore, for diversity of citizenship purposes, it is a citizen of the State of Minnesota;

(c) According to the allegations contained in Plaintiff's Complaint herein, the amount of damages sought in this action by Plaintiff is an amount in excess of the Court's minimal jurisdictional limit of $50,000.00. Plaintiff's attorney has submitted an affidavit declaring that Plaintiff seeks damages in excess of $50,000.00 as a result of the injuries sustained in the incident referenced in the Complaint. Plaintiff, Artye Sidebotham, claims to have been severely and seriously injured in the accident and to have suffered "a severe shock to her nervous system, and bruises, contusions, and lacerations to her body; and became sick and disabled, and will continue to suffer great pain, discomfort and physical impairment and her injuries required hospitalization and medical treatment, all of which said injuries are permanent." She alleges that she will continue to suffer in the future. She claims she has expended and become liable for large sums of money for medical care and services and will continue in the future to expend money for medical care and services because of her injuries. (Ex. A, para. 6). Such allegations are sufficient to trigger the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002*); Varkalis v. Werner Co. & Lowe's Home Center*, 2010 U.S. Dist. LEXIS 84870 (N.D. Ill. 2010*)*, a copy of which decision is attached hereto as Exhibit "C";

(d) Based upon the foregoing, it is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(e) This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District, Eastern Division,

2

within thirty (30) days of service of the Summons and Complaint on this Defendant;

(f) This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to *28 U.S.C. §1441(a)*.

5. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE, TARGET CORPORATION,** respectfully requests that this case proceed before this Court as an action properly removed.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: /s/Robert M. Burke
One of the Attorneys for the Defendant,
Target Corporation

Robert M. Burke, #6187403
JOHNSON & BELL, LTD.
Attorneys for Defendant
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
*burker@jbltd.com*

Attorney Code #50059
U:\CLIENT DIRECTORIES\17HA294\COMPLAINT.DOCX

FILED
1/16/2019 4:56 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2019L000569

FILED DATE: 1/16/2019 4:56 PM  2019L000569

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT-LAW DIVISION

| | |
|---|---|
| ARTYE SIDEBOTHAM, | ) |
| Plaintiff, | ) |
| vs. | )  2019L000569 |
| | ) No.: |
| TARGET CORPORATION, a Foreign Corporation, | ) Courtroom Number: No hearing scheduled |
| Defendant. | ) |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, ARTYE SIDEBOTHAM, by and through her attorneys, MARK L. KARNO & ASSOCIATES, LLC and ANKIN LAW OFFICE, LLC, and in complaining of the Defendant, TARGET CORPORATON, a Foreign Corporation, states and alleges as follows:

1. That on or about February 10, 2017, the Plaintiff, ARTYE SIDEBOTHAM, was a customer of the TARGET CORPORATION store located at 28201 Diehl Road in the city of Warrenville, County of DuPage, State of Illinois.

3. That at all times mentioned herein, the Defendant, TARGET CORPORATON, a Foreign Corporation, had a duty to exercise ordinary care for the safety of the Plaintiff, ARTYE SIDEBOTHAM.

4. That at said time and place, the Defendant, TARGET CORPORATON, a Foreign Corporation, by and through its agents, employees, and/or servants, breached its aforementioned duty in that it did or failed to do one or more of the following things in a careless and negligent manner:

    a.    Failed to properly secure a store display that employees were assembling such that the display was allowed to fall and strike the Plaintiff;

1



2-14-2019    000242207G0001    6020190214011246

FILED DATE: 1/16/2019 4:56 PM 2019L000569

      b.      Failed to warn customers of the ongoing construction of a display in a customer accessible area;

      c.      Failed to properly train its employees in the construction of store displays;

      d.      Failed to adequately supervise its employees;

5.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions to act on the part of the Defendant, TARGET CORPORATON, a Foreign Corporation, by and through its agents, employees, and/or servants, a display was allowed to fall and strike the Plaintiff, ARTYE SIDEBOTHAM, causing the Plaintiff, ARTYE SIDEBOTHAM to become injured as hereinafter alleged.

6.    That as a direct and proximate result of the aforementioned incident, the Plaintiff, ARTYE SIDEBOTHAM, was then and there severely and seriously injured, both internally and externally, and she suffered a severe shock to her nervous system, and bruises, contusions, and lacerations to her body; and became sick and disabled, and will continue to suffer great pain, discomfort and physical impairment, and her injuries required hospitalization and medical treatment, all of which said injuries are permanent; and she has been kept from and will be kept from attending to her ordinary affairs and duties and has lost large gains as a result thereof. Additionally, she has become and will become obligated for large sums of money for her medical and hospital care and treatment.

WHEREFORE, the Plaintiff, ARTYE SIDEBOTHAM, by and through her attorneys, MARK L. KARNO & ASSOCIATES, LLC and ANKIN LAW OFFICE, LLC, prays that a judgment be entered against the Defendant, TARGET CORPORATON, a Foreign Corporation, in a sum in excess of $50,000.00 or such other amount which will fairly, reasonably and adequately compensate her for her injuries and damages, together with her costs of bringing this suit.

2-14-2019      000242207G0001      6020190214011246

FILED DATE: 1/16/2019 4:56 PM   2019L000569

Respectfully,

/s/ *Mark L. Karno*
Mark L. Karno
MARK L. KARNO AND ASSOCIATES, LLC
and ANKIN LAW OFFICE, LLC
Attorneys for Plaintiff
33 North La Salle Street
Suite 3500
Chicago, IL   60602
P: (312) 701-0090
F : (312) 701-0600
mail@karnolaw.com
Cook Co. Code No.: 50059

2-14-2019   000242207G0001   6020190214011246

Attorney Code #50059
U:\CLIENT DIRECTORIES\17HA294\COMPLAINT.DOCX

FILED DATE: 1/16/2019 4:56 PM 2019L000569

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT-LAW DIVISION

| | |
|---|---|
| ARTYE SIDEBOTHAM, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) No.: |
| TARGET CORPORATION, a Foreign Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### AFFIDAVIT OF DAMAGES PURSUANT TO
### SUPREME COURT RULE 222

The Plaintiff, ARTYE SIDEBOTHAM, by and through her attorneys, MARK L. KARNO & ASSOCIATES, L.L.C. and ANKIN LAW OFFICE, LLC, hereby certifies under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure that the Complaint in the above entitled action seeks money damages in excess of $50,000.00.

/s/*Mark L. Karno*

**MARK L. KARNO**

MARK L. KARNO
MARK L. KARNO & ASSOCIATES, LLC
And ANKIN LAW OFFICE, LLC
Attorneys for Plaintiff(s)
33 North La Salle Street
Suite 3500
Chicago, IL 60602
(312) 701-0090
mail@karnolaw.com
Cook County Code No.: 50059

4

FILED
1/18/2019 11:41 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L000569

FILED DATE: 1/18/2019 11:41 AM 2019L000569

2120 - Served          2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail  2321 - Served By Mail
2420 - Served By Publication  2421 - Served By Publication
Summons - Alias Summons                    (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Artye Sidebotham

           (Name all parties)   Case No. 2019 L 569

v.

Target Corporation

### ☑ SUMMONS  ☐ ALIAS SUMMONS

To each Defendant: R/A: CT Corporation System 208 So LaSalle St Ste 814 Chicago, IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

2-14-2019          000242207G0001                    6020190214011246

EXHIBIT B

Summons - Alias Summons  (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 50059

Atty Name: Mark L. Karno & Associates, LLC

Atty. for: Plaintiff

Address: 33 N La Salle Street, Suite 3500

City: Chicago

State: IL   Zip: 60602

Telephone: 312-701-0090

Primary Email: mail@karnolaw.com

Witness: _____

DOROTHY BROWN, Clerk of Court

1/18/2019 11:41 AM DOROTHY BROWN

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 1/18/2019 11:41 AM -2019L000569

2-14-2019    000242207G0001    6020190214011246

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 3

FILED DATE: 1/18/2019 11:41 AM 2019L000569

2-14-2019    000242207G0001    6020190214011246

```
*030123 66*
DOC. TYPE:       LAW
CASE NUMBER:     2019L000569
DEFENDANT
TARGET CORPORATION
208 S LASALLE ST
CHICAGO, IL 60604
STE 814
```

DIE DATE
02/15/2019

SERVICE INF
RA CT CORP

ATTACHED

No *Shepard's* Signal™
As of: March 20, 2018 2:22 PM Z

# *Varkalis v. Werner Co.*

United States District Court for the Northern District of Illinois, Eastern Division

August 18, 2010, Decided; August 18, 2010, Filed

No. 10 C 03331

**Reporter**
2010 U.S. Dist. LEXIS 84870 *; 2010 WL 3273493

MARY VARKALIS, as Independent Administrator of the Estate of MICHAEL VARKALIS, Plaintiff, v. WERNER CO. & LOWE'S HOME CENTER INC., d/b/a LOWE'S Defendants.

## Core Terms

removal, notice, amount in controversy, days, original complaint, diverse

**Counsel:** [*1] For Mary Varkalis, estate of Michael Varkalis, Plaintiff: Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL.

For Werner Co., Lowe's Home Centers, doing business as Lowe's, Defendants: Michael Joseph Meyer, LEAD ATTORNEY, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL.

**Judges:** Blanche M. Manning, United States District Judge.

**Opinion by:** Blanche M. Manning

## Opinion

### MEMORANDUM AND ORDER

The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

### I. FACTS

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

### II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, [*2] breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at P6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at P7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to [*3] admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010,

Robert Burke



2010 U.S. Dist. LEXIS 84870, *3

the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

## III. ANALYSIS

### A. Standard for Removal

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. Disher v. Citigroup Global Mkts., Inc., 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007)("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.")(internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. See, e.g., Benson v. SI Handling Systems, Inc., 188 F.3d 780, 782 (7th Cir. 1999)(citing [*4] 28 U.S.C. §1446(b)). However, this general rule applies only when the original complaint is not removable. Mortgage Elec. Registration Sys. v. Rothman, No. 04 C 5340, 2005 U.S. Dist. LEXIS 12270, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005).

### B. Amount in Controversy

The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. See 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought [*6] only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the ad damnum in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. Height v. Southwest Airlines, Inc., No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, 2002 WL 1759800, **2-3 (N.D. Ill. Jul. 29, 2002); Abdishi v. Phillip Morris, Inc., No. 98 C 1310, 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, at *1-3 (N.D. Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. RBC Mortgage Comp. v. Couch, 274 F. Supp. 2d 965, 969 (N.D. Ill. 2003)(citing McCoy v. GMC, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly [*7] stated in its ad damnum clause." Gallo v. Homelite Consumer Prods., 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005). Absolute confirmation of the amount in controversy is not necessary where the

---

[1] It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading [*5] from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. #12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

Robert Burke

"plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. *Fields v. Jay Henges Enters., No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006)*. *See also RBC Mortgage Co., 274 F. Supp. 2d at 969* (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000)(citation omitted); *McCoy, 226 F. Supp. 2d at 941* (the 30-day removal period under the first sentence of *§ 1446(b)* is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed[] the jurisdiction[al] amount").

Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the [*8] defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. *Fields, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *7* ("defendants should never . . . be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). *See also Huntsman Chem. Corp. v. Whitehorse Techs., No. 97 C 3842, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997)*(citing *Mielke v. Allstate Ins. Co., 472 F. Supp. 851, 853 (D.C. Mich. 1979)*("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. [2]

### IV. CONCLUSION

For the reasons stated [*9] above, the motion to remand the case to the Circuit Court of Cook County [8-1] is granted. The clerk is directed to remand this matter forthwith.

---

[2] The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

**ENTER: August 18, 2010**

/s/ Blanche M. Manning

**Blanche M. Manning**

**United States District Judge**

---

End of Document

Robert Burke